IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN TAYLOR, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 16-945 |
| | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | Magistrate Judge Mitchell |
|     Respondent. | ) | |

## ORDER

Petitioner, Kevin Taylor, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his convictions, following a guilty plea entered on March 4, 2013, on two counts of theft by unlawful taking and one count of loitering and prowling at nighttime, and the sentence of six and one-half to thirteen years of imprisonment, imposed by the Court of Common Pleas of Allegheny County, Pennsylvania on August 7, 2013. The charges stemmed from Petitioner's stealing of three vehicles over a twelve-month period.

In his counseled petition, Petitioner raises a single claim: that his trial counsel (Patrick Thomassey) was ineffective when he failed to move to withdraw his guilty plea as Petitioner requested prior to sentencing. Respondent argues (and the Pennsylvania Superior Court held) that counsel's performance did not fall below an objective standard of reasonableness because he did not believe that there was a basis to make such a motion. Petitioner responds that there were several "fair and just reasons" why he should have been allowed to withdraw his guilty plea. However, the parties have failed to fully address the claim so that this Court may review it.

Petitioner's claim involves the ineffectiveness of trial counsel. The United States Supreme Court:

established the legal principles that govern claims of ineffective assistance of

counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. Id., at 687, 104 S.Ct. 2052.

Wiggins v. Smith, 539 U.S. 510, 521 (2003). The Court then held that:

> In order for counsel's inadequate performance to constitute a Sixth Amendment violation, petitioner must show that counsel's failures prejudiced his defense. Strickland, 466 U.S. at 692. In Strickland, we made clear that, to establish prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Id. at 534 (quoting Strickland, 466 U.S. at 694.) In addition, although a petitioner must satisfy both prongs to succeed on his ineffectiveness claim, the Court has noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

Neither Petitioner nor Respondent has addressed the issue of prejudice. Nevertheless, this Court must address the issue in order to properly review this habeas corpus petition.

AND NOW, this 1st day of March, 2017,

IT IS HEREBY ORDERED that the Petitioner submit a supplemental brief addressing the issue of prejudice by March 31, 2017.

IT IS FURTHER ORDERED that the Respondent file a supplemental brief addressing the issue of prejudice by April 21, 2017.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge