IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN TAYLOR,<br>    Petitioner,<br><br>    v.<br><br><br>COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Respondent. | Civil Action No. 16-945<br><br><br><br>Magistrate Judge Mitchell |

MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Taylor, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his convictions, following a guilty plea entered on March 4, 2013, on two counts of theft by unlawful taking and one count of loitering and prowling at nighttime, and the sentence of six and one-half to thirteen years of imprisonment, imposed by the Court of Common Pleas of Allegheny County, Pennsylvania on August 7, 2013 at Criminal Action Nos. 201200530, 2012008018 and 201212644. The charges stemmed from Petitioner's stealing of three vehicles over a twelve-month period. For the reasons that follow, the petition will be denied.

Procedural History

Petitioner was charged, at No. 201200530, with loitering and prowling at nighttime, theft from a motor vehicle and criminal attempt. At No. 2012008018, he was charged with theft by unlawful taking and receiving stolen property. At No. 201212644, he was charged with theft by unlawful taking and receiving stolen property. On March 4, 2013, Petitioner appeared before the Honorable Joseph K. Williams. Petitioner was represented by Patrick Thomassey, Esquire and the Commonwealth by Assistant District Attorney Michael Ball. Petitioner completed a Guilty Plea Explanation of Defendant's Rights form and entered a negotiated plea of guilty. (Answer

Ex. 7) (APP 45-54.)[1]  Pursuant to the agreement, the Commonwealth withdrew two (2) counts of receiving stolen property and the counts of theft from a motor vehicle and criminal attempt. Sentencing was deferred pending a presentence report. Sentencing was set for May 29, 2013.

Petitioner failed to appear at sentencing and a warrant was issued. Petitioner was eventually apprehended on the bench warrant. On August 7, 2013, Petitioner appeared before Judge Williams for sentencing.  At CC 201212644, Count 1, theft by unlawful taking, Petitioner was sentenced to a term of incarceration of not less than three (3) years nor more than six (6) years and a consecutive period of seven (7) years of probation.  At CC 201208018, Count 1, theft by unlawful taking, Petitioner was sentenced to a term of incarceration of not less than three (3) years nor more than six (6) years and a consecutive period of seven (7) years of probation, which was consecutive to CC 201212644.  At CC 201200530, Count 1, loitering and prowling at nighttime, Petitioner was sentenced to a term of incarceration of not less than six (6) nor more than twelve (12) months and a consecutive term of one (1) year of probation, which was consecutive to CC 201208018.  Thus, Petitioner was sentenced to an aggregate term of incarceration of not less than six and one half (6½) years nor more thirteen (13) years of imprisonment and a consecutive term of fifteen (15) years of probation.

On August 15, 2013, Petitioner, through Jeffrey Weinberg, Esquire, filed a Motion to Withdraw Plea. (Answer Ex. 8) (APP 55-59).  On August 30, 2013, the Commonwealth, through Assistant District Attorney Ball, filed a Commonwealth's Response to Post-Sentence Motion. (Answer Ex. 9) (APP 60-67). On September 4, 2013, Petitioner, through Attorney Weinberg, filed an Amended Motion to Withdraw Plea. (Answer Ex. 10) (APP 68-71).  On December 17, 2013, the post sentence motion was denied by operation of law.

---

[1] ECF No. 17.

On January 16, 2014, Petitioner, through Attorney Weinberg, filed a Notice of Appeal. (Answer Ex. 11) (APP 72-76). On February 13, 2014, Petitioner, through Attorney Weinberg, filed a Concise Statement of Error Complained of Pursuant to Rule 1925(b). (Answer Ex.12) (APP 77-79). On March 7, 2014, Judge Williams filed his Opinion. (Answer Ex. 13) (APP 80-83). Petitioner's appeal was docketed in the Superior Court of Pennsylvania at No. 118 WDA 2014. On April 8, 2014, Petitioner, through Attorney Weinberg, filed a Praecipe to Discontinue. On April 8, 2014, Petitioner's appeal was discontinued. (Answer Ex. 15) (APP 86).

On July 7, 2014, Petitioner, through Attorney Weinberg, filed a Post Conviction Relief Act Petition (PCRA). (Answer Ex. 16) (APP 87-97). In the petition, Petitioner has raised the following claims:

> A. Defendant's plea was unknowing involuntary unintelligent and entered as a result of ineffective assistance of counsel in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States Constitution as Attorney Thomassey prepared defendant's 68 question guilty plea colloquy[,] answered the questions himself and failed to adequately explain to defendant what he was signing;
> B. Defendant attempted to withdraw his plea of guilty *prior* to sentencing by this court and counsel made no attempt to preserve this issue for the court[']s review.

(Answer Ex. 16 at 3) (APP 90.)

On July 11, 2014, the Commonwealth, through Assistant District Attorney Ronald Wabby, filed a Commonwealth's Answer to Post Conviction Relief Act Petition. (Answer Ex. 17) (APP 98-116). On July 25, 2014, Judge Williams issued an Order directing Petitioner to file an Amended PCRA petition to correct the pleading defects that were noted by the Commonwealth. On August 27, 2014, Petitioner, through Attorney Weinberg, filed an Amended PCRA petition. (Answer Ex. 18) (APP 117-128). On November 19, 2014, Petitioner appeared before Judge Williams for an evidentiary hearing. Attorney Weinberg represented Petitioner. ADA Wabby represented the Commonwealth. Testimony was heard from the Petitioner and

from Attorney Thomassey.

On April 6, 2015, Judge Williams filed an Order, which granted relief on the sentencing claim (correcting his sentence to 3 to 6 years of imprisonment, followed by one year of probation) and denied relief on the guilty plea-based claim. (Answer Ex. 19) (APP 129-130). Also, on April 6, 2015, Judge Williams filed an Opinion. (Answer Ex. 20) (APP 131-132).

On April 30, 2015, Petitioner, through Attorney Weinberg, filed a Notice of Appeal. (Answer Ex. 21) (APP 133-142). On May 12, 2015, Judge Williams filed an Opinion, which incorporated the April 6, 2015 Opinion and elaborated upon it. (Answer Ex. 22) (APP 143-144).

On July 7, 2015, Petitioner, through Attorney Weinberg, filed a Brief for Appellant in the Superior Court of Pennsylvania, which was docketed at No. 674 WDA 2015. (Answer Ex. 24) (APP 149-227). On appeal, Petitioner raised the following claims:

> I. That the trial court erred in dismissing Appellant's PCRA Petition by concluding that his earlier guilty plea was knowingly and voluntarily made and as such that his trial counsel was effective.
>
> II. That the trial court erred in dismissing Appellant's PCRA Petition by concluding that trial counsel was effective despite failing to request that the Trial Court create a record of his request to withdraw his plea of guilty.

(Answer Ex. 24 at iv) (APP 153.)

On December 23, 2015, the Superior Court affirmed the judgment of the Court of Common Pleas of Allegheny County denying the PCRA petition. (Answer Ex. 26) (APP 246-253).

On January 20, 2016, Petitioner, through Attorney Weinberg, filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, which was docketed at No. 26 WAL 2016. (Answer Ex. 28) (APP 257-296). In his petition, Petitioner raised the following claim:

> I. Did the Superior Court err as a matter of law in holding [that] Mr. Taylor failed to establish by a preponderance of the evidence that trial counsel was ineffective, contrary to this Honorable Court's decision in *Commonwealth v. Forbes*?

(Answer Ex. 28 at 4) (APP 263.) On April 13, 2016, the Supreme Court denied the petition. (Answer Ex. 30) (APP 298).

On June 24, 2016, Petitioner filed this action pro se, and it was docketed at Civil Action No. 16-945. In his pro se petition, Petitioner raised the following claim:

> Attorney told me to waive my case to court that he worked a plea for 1 (one) year of probation. I was never told there wasn't a plea agreement until after I plead guilty. If I had known there wasn't a plea agreement, I never would have plead guilty.

(ECF No. 1 ¶ 12.) On September 1, 2016, Petitioner, through Chris Rand Eyster, Esquire, filed an Amended Petition for Writ of Habeas Corpus (ECF No. 14) and Petitioner's Brief in Support of Habeas Corpus Petition (ECF No. 15). In his Amended Petition for Writ of Habeas Corpus, Petitioner raises the following claim:

> Petitioner was denied effective assistance of counsel where he requested counsel to file a motion to withdraw his guilty plea before sentencing and counsel failed to file a motion to withdraw Petitioner's guilty plea prior to sentencing.
>
> The Petitioner was instructed by counsel to waive his preliminary hearing because counsel told him that he had a plea deal worked out to one year of probation. Petitioner was under the impression when he pled guilty that he was getting that 1-year probation deal. However, prior to sentencing, counsel told Petitioner that that judge wasn't happy with him. So, Petitioner asked counsel to withdraw his guilty plea prior to sentencing and counsel refused to do so saying "[n]ot with me as your attorney." (N.T. 11/19/14, at 11). At sentencing, before pronouncement of sentence, Petitioner asked the court to withdraw his plea. Petitioner stated the reason for this request was "I am not totally the guilty party[.]" (N.T. 8/7/13, at 4). At that point counsel refused to advocate on behalf of his client and created a conflict of interest. Nonetheless, the court summarily denied the request without any inquiry of Petitioner on the record. Petitioner filed a motion to withdraw his guilty plea after sentencing, which was denied.

(ECF No. 14 ¶ 12.)

On September 6, 2016, Respondent filed an Answer to the amended petition (ECF No.

5

16). Respondent concedes that the petition is timely and that the claim presented is exhausted and not procedurally defaulted. (Answer at 10, 13, 14.) However, it argues that the claim is without merit because the Superior Court's decision is not an unreasonable application of Supreme Court law.

On November 21, 2016, Petitioner filed a reply brief (ECF No. 22), which was corrected on November 29, 2016 (ECF No. 23.) The reply brief argues that there were several "fair and just reasons" why Petitioner should have been allowed to withdraw his guilty plea: 1) Petitioner believed (perhaps erroneously) that he was going to receive a sentence of probation, not 3 to 6 years of imprisonment; 2) counsel told him that Judge Williams would be "upset" with him because of his bond forfeiture status, and thus he would be predisposed to impose a heavy sentence on Petitioner, which is exactly what occurred; and 3) Petitioner testified that he was "not totally the guilty party" and the Commonwealth never established that he knew or should have known that he was driving a stolen car, as required to secure convictions for the crimes of theft and receiving stolen property.

On March 1, 2017, an order was entered (ECF No. 24), directing the parties to file supplemental briefs on the issue of prejudice. Petitioner filed his supplemental brief on March 31, 2017 (ECF No. 26). Respondents filed their supplemental brief on April 11, 2017 (ECF No. 27). Petitioner filed a reply brief on May 3, 2017 (ECF No. 30).

Exhaustion

The first issue that must be addressed by a federal district court when considering a habeas corpus petition filed by a state prisoner is whether the prisoner has exhausted available state court remedies as required by 28 U.S.C. §§ 2254(b) and (c). The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), provides that:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

28 U.S.C. § 2254(b).

It is well settled that, as a matter of comity, the state should be provided with the first opportunity to consider the claims of constitutional violations and to correct any errors committed in its courts. Rose v. Lundy, 455 U.S. 509, 518 (1981); Preiser v. Rodriguez, 411 U.S. 475 (1973). Accordingly, before a state prisoner's claims may be addressed by a federal habeas court, the constitutional issues must first have "been fairly presented to the state courts" for review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Both the factual and legal basis for the claim must have been presented to the state courts. Thus, the Supreme Court held that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 366 (1995).

The Court of Appeals has stated that:

> To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. See Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); Picard v. Connor, 404 U.S. 270, 277-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). It is not sufficient that a "somewhat similar state-law claim was made." Harless, 459 U.S. at 6, 103 S.Ct. 276. Yet, the petitioner need not have cited "book and verse" of the federal constitution. Picard, 404 U.S. at 277, 92 S.Ct. 509.

McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). The court has further identified four ways in which a petitioner can "fairly present" a claim:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Evans v. Court of Common Pleas, Delaware Cty., Pa., 959 F.2d 1227, 1232 (3d Cir. 1992) (citing Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982) (en banc)).

As Respondent has indicated, Petitioner raised his claim in his PCRA petition and on appeal therefrom. Thus, the claim is exhausted and not procedurally defaulted and the Court turns to the merits of the claim.

Standard of Review

A petitioner is only entitled to federal habeas relief if he meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d) "firmly establishes the state court decision as the starting point in habeas review." Hartey v. Vaughn, 186 F.3d 367, 371 (3d Cir. 1999). This provision governs not only pure issues of law, but mixed questions of law and fact such as whether counsel rendered ineffective assistance. Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).

The Supreme Court has held that, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). The Court has also held that:

> the "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable."

Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (other citations omitted)). In other words, "the question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citations omitted).

Section 2254(e) provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

9

28 U.S.C. § 2254(e)(1).

Petitioner's claim involves the ineffectiveness of trial counsel. The United States Supreme Court:

> established the legal principles that govern claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. Id., at 687, 104 S.Ct. 2052. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052. We have declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that " [t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Ibid.

Wiggins, 539 U.S. at 521.

To satisfy the second prong of counsel ineffectiveness, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 534 (quoting Strickland, 466 U.S. at 694.) In addition, although a petitioner must satisfy both prongs to succeed on his ineffectiveness claim, the Court noted that " [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

The Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Werts, 228 F.3d at 204. Thus, the relevant question is whether the decisions of the Pennsylvania courts involve an unreasonable application of Strickland. Jacobs v. Horn, 395 F.3d 92, 106 n.9 (3d Cir. 2005). See also Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007). That is, a petitioner must show that the state courts "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v.

10

Cone, 535 U.S. 685, 699 (2002).

The question is not whether the defense was free from errors of judgment, but whether defense counsel exercised the customary skill and knowledge that normally prevailed at the time and place. Strickland, 466 U.S. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688).

During the guilty plea hearing, the Commonwealth, through Assistant District Attorney Ball, summarized the factual basis of the plea as follows:

> In reference to 201212644 had the Commonwealth proceeded to trial we would have called Officer Croll, along with the victim, Lloyd Marts and Deb Marts, and Officer Hensel of the Braddock Hills Police Department.
> They would have testified that on or about November 4th of 2011 at 782 Cottonwood Drive in Monroeville, the officers responded for a report of a theft.
> The vehicle was actually taken on July 30th of 201[1]. The victim in this case had observed a vehicle which she thought was hers in a parking lot of a restaurant. She was able to write down the tag number. It was later learned that this vehicle was taken to a tow yard during a traffic stop that had occurred prior to that.
> The Officer that did the tow on that vehicle was from Braddock Hills, and he identified the driver as the defendant who was in possession of the stolen vehicle.
> The vehicle had been towed to that garage, unknowing at the time that it was a stolen vehicle. It was later determined that it was. The defendant was driving that vehicle.
>  * * * *
> In reference to 201208018 had the Commonwealth proceeded to trial we would have called Officer McKenna of the Monroeville police department, along with the victim, Michael Marts. They would have testified that on or about May 22nd, 2012 in that same general area as the first case, the victim reported that his Mazda vehicle had been stolen. The victim decided to drive through a neighborhood that was close in proximity. He observed that vehicle being driven by the defendant at that time.
> The officers were not able to arrive in time to stop the driver of that vehicle, but he did identify the defendant as being in that vehicle.
>  * * * *
> Reference to 201200530 had the Commonwealth proceeded to trial we

would have called Office Plate, along with the victim, Alexander Bernard. They would have testified that on or about January 3rd, 2012, at 0219 hours, the officers responded to the victim's residence.

He indicated to the police that the defendant was located inside of his Chevy Equinox, which was parked on his property. He approached the vehicle and was attempting to hold the door closed until the police arrived. The defendant was able to slip to the other side and escape.

The police were able to apprehend him a short time later and the victim positively identified him when he arrived at that residence.

(Guilty Plea Hr'g at 7-10.)

Failure to Withdraw Guilty Plea

Petitioner alleges that trial counsel was ineffective for failing to withdraw his guilty plea before the sentence was pronounced at the sentencing hearing. Respondents contend that Petitioner has failed to demonstrate that trial counsel's performance was deficient because there was no legal basis to move to withdraw the guilty plea and that he has failed to demonstrate that he suffered prejudice because, without a "fair and just reason" to withdraw the plea, even if counsel had made such a motion, it would have been denied (as indeed it was when Petitioner made the motion himself).

At the PCRA hearing, the court stated that:

During the time that I allowed for [a presentence report], he gets a hot urine for cocaine, I mean so I think that he start doing aggravating things during this window that I allowed for a pre-sentence report. He gets high and does other things which further contaminates the dynamic in this relationship. Then after he gets—we have to issue a warrant for him to catch him, he comes to court, what appeared to me at that point would be a last ditch effort to further prolong the inevitable. And that I think was how I was understanding what was happening.
Mr. Thomassey has been practicing law here for thirty years. He is very— he goes to great lengths to be an advocate for his clients. If he tells me or I imagine his client that that's a dead horse, you can't come in after the sequence of events in this case and say I want to withdraw my plea, you can't say for what reason, the reason you withdraw your plea is because I'm not guilty. But that wasn't the issue, his guilt or not, he just didn't want to—he just didn't want to face that that was the date that he was getting sentenced. And he, the way I interpreted it, was just trying to make a last ditch end run to get out of here.

N.T., 11/19/14, at 36-37. In its April 6, 2015, opinion, the court stated that:

12

> On November 19, 2014, a hearing was held. The Court heard from Mr. Taylor and his prior lawyer, Patrick Thomassey. Taylor's version of events failed to persuade. His PCRA testimony was at odds with the sworn testimony he provided at the change of plea proceeding. That difference rarely does favors for the credibility of a PCRA petitioner. Taylor does not fall into the exception camp. While recognizing that negative, the Court is also influenced by the failure of Taylor to advance a fair and just reason for allowing his withdraw[al] of the plea immediately before sentencing. As said by his trial lawyer, the motion was not going to be made by him because "there is no basis for" it. Transcript, pg 21. Undeterred by the advice of his lawyer, Taylor then made a pro se request to withdraw the plea. The Court denied it. Most importantly, at the PCRA hearing, Taylor did not advance *any* reason why his plea should have been allowed to be withdrawn. After some many months of thinking about this matter, one would think that a fair and just reason would have been advanced. Its absence is fatal to Taylor's guilty plea based PCRA claim.
>
> Out of abundance of caution, the Court will also address the claim that was actually pled—that is the plea was not knowing[ly] and voluntarily entered. The Court believes his prior lawyer on what transpired before the plea was entered. Transcript, pg 24 ("We went outside the colloquy outside. I went over the colloquy with him, I made sure he understood all his rights."). The Court is also influenced by the many visits and office meetings counsel had with his lawyer to go over the matter and Taylor's criminal past. His criminal past allows for an inference that he knows—better than a first timer—what a guilty plea is all about. His present efforts to undo the sanctity of this plea is nothing more than a last ditch effort to escape the penalty this Court imposed.

(Answer Ex. 20 at 1-2.)

Finally, in its May 12, 2015 opinion, the PCRA court stated that:

Trial counsel did not rendered [sic] ineffective assistance of counsel by failing to make a motion to withdraw his plea. At the hearing, trial counsel said the motion was not made because he did not feel there was a legal or factual basis for it. The Court agrees with this assessment. As such, there is no merit to the underlying claim.

(Answer Ex. 22 at 2.)

After reviewing these holdings, the Superior Court concluded that:

we find support in the record for the PCRA court's factual and credibility determinations, and we discern no error in its legal conclusion. Notably, Appellant did not assert any grounds for the withdrawal of his plea before the sentencing court. N.T. Sentencing, 8/17/13, at 4. In his PCRA petition, Appellant baldly asserts that plea counsel's ineffectiveness caused Appellant to enter an involuntary and unknowing plea and resulted in the lack of a record regarding

13

> Appellant's request to withdraw his plea. PCRA Petition, 8/27/14, at ¶15(A), (B). Of course, Appellant's first assertion belies the admissions made at his plea colloquy. N.T. Guilty Plea, 3/14/13, at 3-7. Appellant is bound by those statements and cannot now be heard to assert grounds for withdrawing the plea which contradict them. See Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted).
>
> As for Appellant's second assertion, plea counsel explained why he did not request the withdrawal of the plea:"[T]here wasn't any basis to withdraw it. [Appellant] made a knowing, voluntary and intelligent decision to plead guilty with my advice and my counsel, and I don't file frivolous motions. It just wasn't there. I knew the judge wasn't happy with [Appellant], but that really wasn't my concern." N.T., 11/9/14, at 22. The PCRA court agreed with plea counsel's assessment. PCRA Court Opinion, 5/12/15, at 2. Thus, we conclude that plea counsel had a rational basis for refusing to request withdrawal of the plea. Appellant's contrary argument fails.

(Answer Ex. 26 at 6-7.)[2]

Petitioner argues that the record establishes that, at the very least, there was a misconception in his mind as to whether he was going to receive probation. He notes that Attorney Thomassey testified that "I thought the Judge would probably give him probation." (PCRA Hr'g at 24.)

However, the PCRA court, having heard testimony from Petitioner and Attorney Thomassey, concluded that there was no plea agreement for probation and that Petitioner was told this information. His contention that he believed otherwise – despite his counsel's information – does not support a claim that counsel was ineffective for failing to move for withdrawal of his guilty plea, especially when there was no basis for such a motion.

---

[2] In his reply brief, Petitioner cites this testimony to argue that Attorney Thomassey was not even concerned about Petitioner and "effectively deprived" him of counsel at this proceeding (ECF No. 30 at 2). However, in context, it is clear that Attorney Thomassey was explaining that he declined Petitioner's request to move for withdrawal of his guilty plea because there was no legal basis for it, not because he thought the judge would be angry with him for making such a motion.

14

Petitioner also contends that Attorney Thomassey told him that Judge Williams would be "upset" with him at the sentencing hearing due to his bond forfeiture status and thus he did not move to withdraw the guilty plea for this reason as well. However, if Petitioner is correct, he has not explained how Attorney Thomassey would have fared any better with a motion to withdraw than Petitioner himself did, namely, that the motion was denied immediately. Thus, he has not demonstrated that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Finally, Petitioner contends that he made the statement that he was "not totally the guilty party" and that such a protestation of innocence provided fair and just reason to allow him to withdraw his guilty plea. However, his argument is not an accurate summary of Pennsylvania law on this topic.

On June 15, 2015, the Pennsylvania Supreme Court issued a decision in the case of Commonwealth v. Carrasquillo, 115 A.3d 1284 (Pa. 2015), concluding that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." Id. at 1285. The court noted that it had held, in Commonwealth v. Forbes, 299 A.2d 268 (Pa. 1973), that a motion to withdraw a guilty plea prior to sentencing should be granted if supported by a fair and just reason and substantial prejudice will not inure to the Commonwealth. Subsequently, in Commonwealth v. Randolph, 718 A.2d 1242, 1245 (Pa. 1998), the court admonished the Superior Court for having applied a new standard whereby participation in a plea colloquy resulted in the defendant's waiver of the rights established in Forbes. The Pennsylvania Supreme Court observed that, based upon these holdings, the Superior Court in Carrasquillo had concluded that, although the defendant made "fantastical and outlandish claims during his sentencing hearing," it was required by Forbes to accept his "unambiguous assertion of

15

innocence—regardless of its rationality, clarity, sincerity, or plausibility." 115 A.3d at 1288 (citing Commonwealth v. Carrasquillo, 78 A.3d 1120, 1126 (Pa. Super. 2013)).

The court stated that:

> this Court's Forbes decision reflects that: there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. See Forbes, 450 Pa. at 190-91, 299 A.2d at 271. The perfunctory fashion in which these principles were applied to the circumstances presented in Forbes, as well as in the ensuing decision in [Commonwealth v.] Woods, 452 Pa. 546, 307 A.2d at 880 [(Pa. 1973)], also lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason. See, e.g., Forbes, 450 Pa. at 192, 299 A.2d at 272 ("Obviously, [the] appellant, by [his] assertion of innocence—so early in the proceedings[, i.e., one month after the initial tender of a plea,]—offered a 'fair and just' reason for withdrawal of the plea.")

Id. at 1291-92 (footnote omitted). The court then stated that both Forbes and Woods were distinguishable on their facts, particularly in terms of the timing of the innocence claim.

> Nevertheless, in light of the Randolph Court's forceful emphasis upon such an innocence declaration, and its concomitant rejection of the common pleas and intermediate courts' reliance on the defendant's previous concessions to guilt, see Randolph, 553 Pa. at 230-31, 718 A.2d at 1244-45, we cannot criticize the intermediate court for its understanding that credibility judgments relative to innocence were foreclosed.

\*\*\*

> Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.
>
> This case, in our view, illustrates why the existing *per se* approach to innocence claims is unsatisfactory. Here, Appellee's assertion was first made in

16

> sentencing allocution, after the close of the evidentiary record (which, in any event, was dedicated to a different purpose, since no motion to withdraw had been advanced before or during such record's development). No request was made to reopen the record for an orderly presentation in support of Appellee's request. Moreover, the bizarre statements made by Appellee in association with his declaration of innocence wholly undermined its plausibility, particular in light of the Commonwealth's strong evidentiary proffer at the plea hearing. In the circumstances, the common pleas court should not have been required to forego sentencing; rather, we find that it acted within its discretion to refuse the attempted withdrawal of the plea.

Id. at 1292-93 (footnote omitted).

Accepting the Pennsylvania Supreme Court's statement that its decision in Carrasquillo did not overrule Forbes, but rather clarified what had been some confusion in the law, it must be concluded that, as of the date Petitioner's appeal was decided on December 23, 2015, a defendant could not rely upon a bare assertion of innocence to require a trial court to grant a request to withdraw a guilty plea.[3] Indeed, even under a Forbes standard, Petitioner's vague and equivocal statement that he was not "totally the guilty party" is far removed from the cases in which defendants provided "fair and just" reasons for moving to withdraw guilty pleas.

Moreover, even if Carrasquillo represented a change in the law, it is a statement of Pennsylvania law. The Supreme Court has "repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions'" Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Petitioner has cited to no authority from the Supreme Court of the United States (or

---

[3] Oddly, the Superior Court did not cite Carrasquillo, Forbes, Woods or Randolph. The only case it cited was Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa. Super. 2003), which held (somewhat akin to the Superior Court's holding in Randolph) that a person who elects to plead guilty is bound by the statements he makes in open court while under oath. Again, this may have been incorrect as a matter of Pennsylvania law—as it appears to foreclose any attempts to withdraw a guilty plea after a colloquy—but that is not the issue before this Court.

17

indeed any federal court) that would require a trial court to grant a request for withdrawal of a guilty plea based upon, at most, a bare and equivocal assertion of innocence, nor would trial counsel be rendered ineffective for failing to make such a motion under the circumstances. Thus, he has not demonstrated that counsel's performance was ineffective and he has not demonstrated that he suffered prejudice.

Petitioner has not demonstrated that the Superior Court's decision was an unreasonable application of Strickland. Therefore, the petition will be denied.

Certificate of Appealability

Additionally, a certificate of appealability should be denied. The decision whether to grant or deny a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal. However, when the district court denies a certificate of appealability, the Court of Appeals can still grant one if it deems it appropriate. 28 U.S.C. § 2253.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above, this petition does not present a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should be denied.

For these reasons, the amended petition for writ of habeas corpus (ECF No. 14) will be denied and a certificate of appealability will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN TAYLOR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-945 |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Magistrate Judge Mitchell |
| Respondent. | ) | |

## ORDER

AND NOW, this 3rd day of July, 2017,

IT IS HEREBY ORDERED that the amended petition for writ of habeas corpus submitted by Petitioner Kevin Taylor (ECF No. 14) is denied and a certificate of appealability is denied.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge
